IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                     Cr. No. 23-909 MIS

OTHON JORGE ZAMARRIPA,

    Defendant.

## ORDER DENYING MOTION TO RECONSIDER

THIS MATTER comes before the Court on Defendant's Opposed Motion to Reconsider Detention (*doc. 47*).  The United States has responded (*doc. 50*) and Defendant has waived any reply, so the motion is fully briefed.  Having reviewed the motion, the response and the audio recording from the original detention hearing, the Court concludes that a further in-person hearing is not necessary.

In support of his motion, Defendant asserts that law enforcement has not located any digital evidence of his possession, production or distribution of child pornography. *Doc. 47* at 2.  Indeed, the United States concedes that it has not located any child sexual abuse materials among Defendant's digital possessions.[1]  *Doc. 50* at 5.  Defendant argues

---

[1] The United States indicates that several important digital devices could not be searched, and that efforts to do so remain ongoing.  *Doc. 50* at 5, 9 n.6.  Nonetheless, for the purposes of this motion, the Court accepts as true the absence of child sexual abuse materials.

that the absence of this evidence from the digital devices which were searched weakens the case against him.  This weakening is crucial, he contends, because the Court relied on the strength of evidence against him to deny conditions of release.

The Court agrees that, in the abstract, the absence of such evidence prevents the government's case from being completely overwhelming.  However, it does not alter the foundation for the Court's determination regarding whether conditions of release can be fashioned.  Simply put, when concluding that the strength of the evidence against Defendant was high, the Court did not rely upon the expectation of additional evidence being located.  Instead, the Court relied on the proffers of detailed testimony from the victims, and the corroboration of that testimony between each other, with the medical evidence, and with prior allegations.  *See doc. 14* (Organ Recording 11:05:20-11:07:30).  While the Court did indicate that it would open to a motion to reconsider after the digital searches were completed, it did so in the context of Plaintiff counsel's implication that evidence may arise that supported the theory that he had been "setup" by his spouse.  *Id.* (Organ Recording 11:08:38-11:09:25).  Plaintiff presents no argument that such evidence has been uncovered.  The absence of any evidence (either exculpatory or inculpatory)[2] from the digital items which were later searched does not

---

[2] At most, the evidence related to the camera and cell phone evidence is mixed.  On one hand, the lack of corroborating recordings or photos can be used to undermine the testimony of the victims that such were taken.  On the other hand, the victims accurately described Defendant's camera equipment and certain pornography accessed by his cell phone.

impact the Court's conclusion about the strength of the case when the Court did not weigh such speculative evidence in the first place. Having concluded that the "strength of the evidence" factor is materially the same as when it first made its detention decision, there is no basis on which to reconsider that decision.

WHEREFORE, Defendant's Opposed Motion to Reconsider Detention (*doc. 47*). Is DENIED.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE