IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 23-CR-909-MIS |
| | ) | |
| OTHON JORGE ZAMARRIPA, | ) | |
| | ) | |
| Defendant. | ) | |

UNITED STATES' OMNIBUS MOTION *IN LIMINE*

The United States respectfully moves this Court for an Order prohibiting the defendant, his counsel, and any defense witnesses from asking any question, introducing any evidence, or making any statement regarding the following matters while the jury or prospective jury panel is present:

1.  Allegations of Government Misconduct:  Absent actual evidence of misconduct by the government, this Court should preclude the defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding allegations of government misconduct, constitutional violations, and any other issues that may be raised by the defendant in his pretrial motions.

The defendant should not be allowed to present allegations of government misconduct, constitutional violations, or any other issues raised by his pretrial motions to the jury because, *inter alia*, the probative value of such allegations would be substantially outweighed by the prejudice and jury confusion that such allegations would create. *See* Fed. R. Evid. 401, 402 and 403. Moreover, such allegations, if allowed before the jury, would run the risk of creating mini trials. For these reasons, evidence, testimony, questions, and argument regarding such allegations should be excluded.

2. <u>Pre-Trial Rulings</u>: Similarly, and for some of the same reasons, this Court should preclude the defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding the contents of, or rulings on, any motions filed by either the defense or the government pretrial. *See* Fed. R. Evid. 401, 402 and 403.

3. <u>Plea Negotiations</u>: This Court should preclude the defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding the occurrence and/or substance of any plea negotiations that may or may not have taken place, as such matters are not proper concerns for the jury. *See* Fed. R. Evid. 401, 402 and 403; see also generally Fed. R. Evid. 410.

4. <u>Offers to Stipulate</u>: This Court should preclude the defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding the defendant volunteering, offering, or in any manner agreeing to stipulate to certain facts unless some agreement between all parties with approval of the Court has been arranged concerning a stipulation. *See* Fed. R. Evid. 401, 402 and 403; *United States v. Schene*, 543 F.3d 627, 643 (10th Cir. 2008) ("It is 'unquestionably true as a general matter,' that 'the prosecution is entitled to prove its case by evidence of its own choice, or, more exactly, that a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it." (quoting *Old Chief v. United States*, 519 U.S. 172, 186-87 (1997)).

5. <u>Information Known Only to Defendants</u>: This Court should preclude the defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding any information or facts which could only otherwise come to the jury's attention through the sworn testimony of the defendant, unless defense counsel informs the Court that his client will, in fact, testify.

      6.      <u>Defense Exhibits</u>:  This Court should preclude the defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding defense exhibits that have not previously been supplied to counsel for the United States. Federal Rule of Criminal Procedure 16(d)(2) provides in pertinent part:

> If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may…prohibit the party from introducing evidence not disclosed, or it may enter such other order as it deems just under the circumstances.

Under both Rule 16 and the Discovery Order in this case, the defendant is required to provide reciprocal discovery to the government.

      7.      <u>Defendants' Health</u>:  This Court should preclude the defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding the defendant's mental or physical health, including, without limitation past or current diseases, traumas, illnesses, attacks, and medical or psychological conditions. *See* Fed. R. Evid. 401, 402 and 403.

      8.      <u>Possible Consequences of Sentencing</u>:  This Court should preclude the defendant and his counsel from, while the jury is present, making any direct or implied reference to the fact that the charges against the defendant are felonies, that his potential maximum penalty is imprisonment for life, or that, if convicted, the defendant would be required to register as a sex offender, which would likely have an adverse effect on the his career plans, family, education, or future. Any such reference or evidence, including the general possibility of incarceration or supervision, is inadmissible because it is irrelevant and unfairly prejudicial.

It is well established that the jury, unless it has a role in sentencing, may not consider what sentence might be imposed in reaching its verdict. *Shannon v. United States*, 512 U.S. 573, 579 (1994). Therefore, "[u]nless a statute specifically requires jury participation in determining punishment, the jury shall not be informed of the possible penalties." *United States v. Parrish*, 925

F.2d 1293, 1299 (10th Cir. 1991), *abrogated on other grounds by United States v. Wacker*, 72 F.3d 1453 (10th Cir. 1995); *see United States v. Greer*, 620 F.2d 1383, 1384 (10th Cir. 1980) (noting that "[t]he authorities are unequivocal in holding that presenting information to the jury about possible sentencing is prejudicial" and that "[b]reach of this standard has often been grounds for reversal").

The Supreme Court, in *Shannon v. United States*, explained that "[t]he principle that juries are not to consider the consequences of their verdicts is a reflection of the basic division of labor in our legal system between judge and jury." 512 U.S. at 579 (noting that "[t]he jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged" and "[i]information regarding the consequences of a verdict is therefore irrelevant to the jury's task."). This principle is reflected in the Tenth Circuit Patten Jury Instructions: "If you find the defendant guilty, it will be my duty to decide what the punishment will be. You should not discuss or consider the possible punishment in any way while deciding your verdict." Tenth Circuit Pattern Jury Instructions Criminal 1.20 (2021 Ed., Updated April 2, 2021). Thus, any direct or implied reference or evidence on any potential penalty or punishment the defendant could face if convicted is irrelevant, improper, and highly prejudicial.

9. <u>Jury Nullification:</u>  This Court should preclude the defendant or his counsel from, while the jury is present, offering evidence or argument calculated to induce jury nullification or likely to have that effect. For over a century, courts have consistently recognized that jury nullification is inconsistent with the ideals of our legal system. *See Sparf v. United States*, 156 U.S. 51, 102 (1895) (holding that, while juries are finders of fact, "it is the duty of juries in criminal cases to take the law from the court and apply that law to the facts as they find them to be from the evidence"); *United States v. Thomas*, 116 F.3d 606, 615 (2d Cir. 1997) ("The power of juries to 'nullify' or exercise a power of lenity is just that—a power; it is by no means a right or something

that a judge should encourage or permit if it is within his authority to prevent."), *cited with approval in Crease v. McKune*, 189 F.3d 1188, 1194 (10th Cir. 1999); *see also United States v. Rith*, 164 F.3d 1323, 1338 (10th Cir. 1999) (finding that "the law is clear: a criminal defendant is not entitled to have the jury instructed that it can, despite finding the defendant guilty beyond a reasonable doubt, disregard the law"). Even more pernicious than outward attempts to invite the jury to nullify, which are likely to be swiftly rebuked by this Court, are the more subtle attempts to induce jury nullification by offering evidence or argument intended to have that effect. If an attorney may not openly invite the jury to ignore the law, it follows that more subtle attempts to achieve the same end must also be prohibited.

With that in mind, the United States moves to preclude the defendant from offering evidence or argument intended to move the jury to base their verdict on sympathy for the defendant or to disregard the law as overly broad or unduly punitive. Potential improper arguments include reference to the harshness of laws governing child exploitation offenses, suggestions that the defendant's sympathetic personal circumstances warrant disregard of the severity of the crime, or implication that the prosecution is unjust. Any evidence or argument on this point would be an improper attempt to encourage the jury to disapprove of the government's prosecutorial decisions and to encourage the jury to acquit notwithstanding a determination that the defendant committed the charged offenses based on the facts and the law. The United States further requests that this Court instruct the defendant's counsel to inform any potential witnesses of this Court's Order— and the prohibitions included therein—prior to trial.

10. <u>Improper Character Evidence</u>:

    a. *Defendant's Improper "Good" Character Evidence*

This Court should preclude the defendant or his counsel from, while the jury is present, introducing evidence of, or reference to, his general good character or specific instances of good

conduct that would constitute improper character evidence under Federal Rule of Evidence 404. Rule 404 generally prohibits the introduction of evidence of a person's character to prove that the person acted in conformity with that character. *See* Fed. R. Evid. 404(a)(1) & (b)(1). The rule provides an exception whereby a defendant may offer evidence of his character only if it relates to a "pertinent" character trait. *See* Fed. R. Evid. 404(a)(2)(A); *United States v. Yarbrough*, 527 F.3d 1092, 1101 (10th Cir. 2008) (holding that the federal rules make clear that character evidence in the form of propensity evidence is not allowed, but that a defendant may offer character evidence of a pertinent character or trait).

In this case, character evidence offered to prove the general good character of the defendant is not admissible because it is not pertinent to the charged offenses. Although a defendant's character for law-abidingness is always "pertinent," *Yarborough*, 527 F.3d at 1101-02, evidence of the defendant's good reputation, hardworking nature, or the fact that he is a good son or brother is not pertinent to establishing whether the defendant committed the charged offenses.

Further, even if the evidence of the defendant's prior good character or conduct was indicative of a pertinent character trait, it may be offered only in the form of opinion or reputation testimony, Fed. R. Evid. 405(a), and not specific acts, unless the "person's character or character trait is an essential element of a charge, claim, or defense." Fed. R. Evid. 405(b); *see United States v. McMahan*, 394 F. App'x 453, 463 (10th Cir. 2010) (holding that the federal rules foreclose "a defendant from introducing evidence of specific instances of conduct to circumstantially prove their character was inconsistent with criminal intent.").[1] Accordingly, evidence of the defendant's good character or specific acts of good conduct should be excluded or otherwise limited.

---

[1] If the defendant's witnesses are permitted to offer character evidence in the form of reputation and opinion testimony regarding the good character of the defendant, the government is permitted under Rule 405(a) to inquire of the witnesses on cross-examination about their knowledge of specific acts of misconduct by the defendant. *See United States v. McHorse*, 179 F.3d 889, 901-02 (10th Cir. 1999) (holding that "once evidence of defendant's character is

### b. Victims' Improper "Bad" Character Evidence

As discussed above, Rule 404 places constraints on the type of character evidence that may be admitted at trial. *See* Fed. Rule Evid. 404(a)(1) ("Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait."). Adherence to these constraints is particularly important when considering whether to admit evidence of a victim's character, since "[l]earning of the victim's bad character could lead the jury to think the victim merely 'got what he deserved' and to acquit for that reason," regardless of whether the law has been violated and the evidence establishes the defendant's guilt beyond a reasonable doubt. *McCormick on Evidence* § 193 (8th. Ed., updated Jan. 2020). That is, as the Advisory Committee Notes to Rule 404 caution, "[character evidence] subtly permits the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened." Fed. R. Evid. 404 advisory committee note (quotation omitted).

Under Rule 404(a), a defendant may introduce evidence of a victim's character when it relates to a "pertinent" character trait. To be admissible, the character trait in question must be one that is pertinent or relevant—that is, if the trait would make any fact of consequence in this case more or less probable. Fed. R. Evid. 401 (defining relevant evidence); *United States v. Angelini*, 678 F.2d 380, 381 (1st Cir. 1982) ("pertinent" is synonymous with "relevant").

To the extent that evidence regarding Jane Doe or John Doe's prior bad acts or character is otherwise admissible, it should be excluded under Fed. R. Evid. 403. Rule 403 states that otherwise relevant evidence may nonetheless be excluded if its probative value is substantially outweighed by the "danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid.

---

offered by defendant (either through defendant or a defense witness), the government may counter that evidence on cross-examination by referencing relevant specific instances of conduct") (citation omitted).

403; *see* Fed. R. Evid. 403 advisory committee note ("Unfair prejudice…means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.").

Of note, certain types of character evidence are only admissible against a testifying witness for impeachment purposes. *See* Fed. R. Evid. 608(b) (character for truthfulness) and Fed R. Evid. 609(a) (criminal convictions); *see also Old Chief v. United States*, 519 U.S. 172, 176 n.2 (1997) (explaining that prior convictions may not be admitted for impeachment if subject does not testify). Thus, pursuant to these rules, specific instances of non-testifying victims past misconduct would be inadmissible at trial. Accordingly, any evidence of Jane Doe or John Doe's "bad" character should be excluded or otherwise limited.

11.    <u>Equally Available Witness</u>:  This Court should preclude the defendant or his counsel from, while the jury is present, referring to, or presenting argument about, the United States' failure to call any particular witness who is equally available to both parties.

A party may comment on the other party's failure to call a witness only if the witness was "peculiarly available" to the other side. *United States v. Hoenscheidt*, 7 F.3d 1528, 1531 (10th Cir. 1993); *United States v. Barnes*, No. CR-13-017-RAW, 2014 WL 1477408, at *5 (E.D. Okla. Apr. 15, 2014), *aff'd sub nom. United States v. Brown*, 654 F. App'x 896 (10th Cir. 2016). Absent such a showing, a defendant is not entitled to comment on the absence of a witness or have a missing witness instruction presented to the jury. *Id*. In *Hoenscheidt*, the district court precluded the defense from making an issue of the fact that the United States did not call a confidential informant during trial and declined to give a missing witness instruction to the jury. *Id*. In affirming the district court, the Tenth Circuit explained that "[a] witness may be peculiarly available to the other side if the other side alone has physical control over the witness or if the witness would be hostile to or biased against the calling party." *Id*. No witness in this case is peculiarly available to the United States. Since all of the witnesses in this case are available to both sides, any comment by

the defendant or his counsel about the United States' failure to call a particular witness would be improper and should not be permitted.

        12.    <u>Defendant's Out-of-Court Statements</u>:  Finally, this Court should preclude the defendant or his counsel from, while the jury is present, offering his own out-of-court statements. Under Federal Rule of Evidence 801, a defendant's out-of-court statements are not hearsay when offered by the government against the defendant, but constitute inadmissible hearsay when offered by the defendant, as they are not in that case "offered against an opposing party" as required by the rule. *See* Fed. R. Evid. 801(d)(2). The dictates of Rule 801 protect against such admissions and serve the sound public policy of preventing a defendant from misleading the jury by offering his self-serving account without subjecting himself to the truth-seeking function of cross-examination.

        Rule 801 precludes the defendant from offering his own statement into evidence, and the "rule of completeness" does not dictate a different result. The rule of completeness, codified by Federal Rule of Evidence 106, provides that the defendant may introduce portions of his own statements only if necessary to correct a misleading implication or place other admitted statements in context. *See* Fed. R. Evid. 106 ("If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time."). Rule 106 does not permit the defendant to introduce statements simply because the government admitted others. *See United States v. Vallejos*, 742 F.3d 902, 905 (9th Cir. 2014) (rule does not apply if complete statement does not "serve to correct a misleading impression in the edited statement"); *United States v. Lentz*, 524 F.3d 501, 526 (4th Cir. 2008) (Rule 106 does not "require admission of self-serving, exculpatory statements made by a party which are being sought for admission by that same party.") (quotation omitted).

Therefore, if the defendant desires to introduce his version of events to the jury, he must take the stand, testify under oath, and subject himself to cross-examination.

                Respectfully Submitted,

                HOLLAND S. KASTRIN
                Acting United States Attorney

                *Electronically filed on 3/7/2025*
                JONI AUTREY STAHL
                JACKSON K. DERING V
                Assistant United States Attorneys
                200 N. Church Street
                Las Cruces, New Mexico 88011
                (575) 522-2304 – Tel.

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification to defense counsel of record on this date.

*Electronically filed on 3/7/2025*
JONI AUTREY STAHL
Assistant United States Attorney