IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   23-CR-909-MIS |
| | ) |
| OTHON JORGE ZAMARRIPA, | ) |
| | ) |
| Defendant. | ) |

UNITED STATES' MOTION *IN LIMINE* TO ADMIT VIDEOS
OF JANE DOE AND JOHN DOE'S FORENSIC INTERVIEWS

The United States respectfully moves this Court for an order admitting the video recordings of Jane Doe and John Doe's prior forensic interviews pursuant to Federal Rule of Evidence 801(d)(1)(B) or, in the alternative, pursuant to Federal Rule of Evidence 807.

FACTUAL AND PROCEDURAL BACKGROUND

On January 10, 2023, Jane Doe and John Doe were each forensically interviewed. At the time of the interviews, Jane Doe was ten and John Doe was fifteen. Jane Doe was forensically interviewed a second time on January 12, 2023, and John Doe was forensically interviewed again on June 7, 2023. All four of the interviews were video recorded. During the interviews, both Jane Doe and John Doe described being sexually assaulted by the defendant.[1] Copies of the video recordings were provided to the defendant.[2]

---

[1] The United States's Sealed Notice of Intent to Introduce Evidence Pursuant to Federal Rules of Evidence 414 and 404(b) contains a more detailed account of the disclosures made in the forensic interviews.

[2] Copies of both of Jane Doe's interviews and John Doe's January 10, 2023, interview were disclosed to the defendant's original counsel on March 15, 2023. John Doe's June 7, 2023, interview was disclosed on July 19, 2023. Recordings of all four interviews were redisclosed to

1

On June 21, 2023, a grand jury returned an indictment against the defendant on two counts of violating 18 U.S.C. § 2422(b) (coercion and enticement of a minor). On July 17, 2024, a grand jury returned a second superseding indictment against the defendant. The current indictment includes two additional counts of violating 18 U.S.C. §§ 2251(a), 2251(e), and 2256, (attempted production).[3]

This motion seeks a pretrial ruling from the Court that the United States be permitted to introduce the video interviews in its case-in-chief, pursuant to Federal Rules of Evidence 801(d)(1)(B) and 807, and established caselaw.

## ARGUMENT

I. No Confrontation Clause Problem Exists Because Jane Doe and John Doe Will Be Available for Cross-Examination

At trial, the United States will first seek to introduce evidence, through the testimony of Jane Doe and John Doe, regarding the defendant's coercion and enticement. The United States may then seek to introduce Jane Doe and John Doe's recorded statements pursuant to Federal Rules of Evidence 801(d)(1)(B)(ii) (declarant-witness's prior consistent statement) and 807 (residual hearsay exception), while Jane Doe and John Doe are still available for cross-examination. Accordingly, there are no Confrontation Clause concerns presented by this evidence. *See Crawford v. Washington*, 541 U.S. 36, 59 n.9 (2004) (stating that "when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at

---

current defense counsel on June 13, 2024. Although the United States is not obligated to provide transcripts of the forensic interviews, transcripts for all four interviews were also provided to defense counsel on January 22, 2024.

[3] The June 18, 2024, Superseding Indictment was dismissed based on a technical defect. The United States recently provided notice to the Court and defense counsel of its intent to seek a third superseding indictment. Doc. 87.

all on the use of his prior testimonial statements" and "[t]he Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it").

As explained in Crawford, the "[Confrontation] Clause does not bar the admission of a statement so long as the declarant is present at trial to defend or explain it." *Crawford*, 541 U.S. at 1369 n. 24. That the child may be unwilling or unable to fully recount the events surrounding the alleged molestation is of no Confrontation Clause significance, because the "Confrontation Clause guarantees only an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *United States v. Owens*, 108 S. Ct. 838, 842 (1988) (internal citations and quotations omitted). Indeed, *Owens* held that the Confrontation Clause was not violated by the admission of an assault victim's earlier out-of-court statement identifying his assailant even though the victim, due to memory impairment, was unable to recall for the jury who had struck him when he testified at trial. *Id.* In key contrast, the assault victim in *Crawford* did not testify at trial because she invoked the marital privilege, thereby causing the Confrontation Clause difficulties.

Here, Jane Doe and John Doe will be available for cross-examination when the videos are introduced.[4] Therefore, under *Crawford* and its progeny, there is no Confrontation Clause problem that prohibits the admission of such a prior recorded statement.

II. Rule 801(d)(1)(B)(ii) Permits the Admission of the Video Recordings of Jane Doe and John Doe's Forensic Interviews

The United States anticipates that while both Jane Doe and John Doe are on the witness stand, the defendant will attempt to attack the credibility and memory of each of the child victims in this case. Specifically, while the United States expects that Jane Doe and John Doe's

---

[4] The United States does not intend to play the videos for the jury, but rather to make them available for the jury during deliberations. *See United States v. Bruce*, 127 F.4th 246, 253 (10th Cir. 2025).

testimony will be largely consistent with their prior statements in the forensic interviewers, it is still likely that the defendant will seek to emphasize any perceived inconsistency or attack the details of the victims' memories on cross-examination. When cross-examination of each victim is complete, the United States, on re-direct, will seek to introduce Jane Doe and John Doe's prior statements that were consistent with the statements made on the witness stand up to that point.

In anticipation of that defense strategy, the United States respectfully requests a pretrial ruling that if such strategy is pursued, the United States will be permitted to introduce the prior consistent statements of Jane Doe and John Doe contained in the videos of the forensic interviews as described herein. These statements should be admitted as non-hearsay evidence offered for the truth of the matter asserted, i.e., as substantive evidence.

Prior to the 2014 amendment, Federal Rule of Evidence 801(d)(1)(B) provided a mechanism for the admission of a witness's prior consistent statement, but only if it was offered to rebut a charge that the witness recently fabricated the in-court testimony. In other words, the Rule did not "provide for substantive [truth of the matter asserted] admissibility of consistent statements that are probative to explain what otherwise appears to be an inconsistency in the witness's testimony." Fed. R. Evid. 801 (Advisory Committee Notes – 2014 Amendments). Furthermore, the Rule did not "cover consistent statements that would be probative to rebut a charge of faulty memory." *Id.* That original mechanism remains available under the newly numbered Fed. R. Evid. 801(d)(1)(B)(i). Where the "obvious purpose" of questioning is to implicate the witness is "act[ing] from a recent improper influence or motive," a victim's prior consistent statement is certainly admissible to rebut the suggestion that "in-court testimony [was] tainted by a recent improper influence or motive, namely…alleged coaching." *United States v. Bruce*, 127 F.4th 246, 253 (10th Cir. 2025) (quotation and citation omitted).

But subsection (ii) was added, effective December 1, 2014, to include a second basis by which a prior consistent statement can be admitted: "to rehabilitate the declarant's credibility as a witness when attacked on another ground." Fed. R. Evid. 801(d)(1)(B)(i)(ii). As the Advisory Committee Notes explained, "[t]he intent of the amendment is to extend substantive effect to consistent statements that rebut other attacks on a witness – such as the charges of inconsistency or faulty memory." The new version of the Rule preserved the Supreme Court's pre-motive rule in *Tome v. United States*, 513 U.S. 150 (1995), "as to consistent statements offered to rebut a charge of bad motive, while properly expanding substantive [truth of the matter asserted] admissibility to statements offered to rehabilitate on other grounds." Memorandum from Advisory Committee on Evidence Rules for Standing Committee on Rules of Practice and Procedure, Judicial Conference of the United States (May 7, 2013) (hereinafter "Advisory Committee Memo"), available at http://www.uscourts.gov/rules-policies/archives/committee-reports/advisory-committee-rules-evidence-may-2013 (last accessed March 6, 2025).

Furthermore, prior to the 2014 amendment, when a prior consistent statement was admissible for rehabilitative purposes, but not admissible as substantive evidence, the court had to give a limiting instruction. *See United States v. Castillo*, 14 F.3d 802, 807 (2nd Cir. 1994) (finding that a prior consistent statement can be offered to rehabilitate the witness's credibility even though it is not admissible under rule 801(d)(1)(B) as long as a limiting instruction was given). This limiting instruction informed the jury that a prior consistent statement should not be considered for its truth. *Id.* Instead, the prior consistent statement could only be considered to rehabilitate the witness's testimony. *Id.* Some courts, however, found that prior consistent statements are of little or no use for rehabilitating a witness if the jury does not believe them to be true. *See United States v. Simonelli*¸ 237 F.3d 19, 27 (1st Cir. 2001) ("One reason for caution is that the line between substantive use of prior statements and their use to buttress credibility on

5

rehabilitation is one which lawyers and judges draw but which may well be meaningless to jurors."). Thus, the amendment to Rule 801(d)(1)(B) was designed to render the limiting instruction unnecessary, thereby avoiding the confusion. *See* Advisory Committee Memo.

Now forensic interviews may also be admitted under Rule 801(d)(1)(B)(ii) where "the admission of prior consistent statements that are offered to rehabilitate the declarant's credibility as a witness when attacked on another ground." *Bruce*, 127 F.4th at 254 (quotation and citation omitted). "The intent of the amendment is to extend substantive effect to consistent statements that rebut other attacks on a witness—such as the charges of inconsistency or faulty memory." *Id.* (quotation and citation omitted).

In *Bruce,* the district court properly admitted two recordings of forensic interviews from the minor victim and the minor witness after both testified at trial. *Id.* at 249. The recordings were not played in the courtroom, but given to the jury to access during deliberations. *Id.* The Tenth Circuit held that "[b]oth were admissible as prior consistent statements under Rule 801(d)(1)(B)(i) and (ii) of the Federal Rules of Evidence," where defense counsel suggested the victim had been coached by the prosecutor, opening the door for the government to rebut the charge under Rule 801(d)(1)(B)(i). *Id.* Defense counsel's suggestion that the minor witness's "memory was faulty," also opened the door under Rule 801(d)(1)(B)(ii) to allow the government to rehabilitate the witness's credibility via her prior consistent statement. *Id.*

By the time of trial, it will have been nearly two and a half years since the victims saw the defendant. Jane Doe was ten years old at the time of her outcry and interviews. She is now thirteen. John Doe, who was fifteen at the time of the interviews, is now seventeen. To the extent the defense attacks Jane Doe or John Doe's credibility or faulty memory, their prior statements should be admissible under Rule 801(d)(1)(B) to rebut any charge that the victims recently fabricated the allegations or to rehabilitate their credibility. Rule 801(d)(1)(B) clearly provides a

6

mechanism for admitting such video recorded statements as non-hearsay substantive evidence. To the extent that the defense seeks to attack either victim's credibility or recent fabrication, the video statements would qualify as non-hearsay prior consistent statements that fall within the existing framework of Rule 801(d)(1)(B).

III.   Rule 807 Permits the Admission of the Video Recordings of Jane Doe and John Doe's Forensic Interviews

Alternative to the non-hearsay mechanism of Rule 801(d)(1)(B), Jane Doe and John Doe's recorded statements meet the four requirements of FRE 807, which is the residual or "catch-all" exception to the hearsay rule, allowing their admission at trial. Specifically, if either Jane Doe or John Doe becomes unmanageably nervous or intimidated by the courtroom setting, and therefore is unable or unwilling to testify to the details of the abuse that she or he described in their forensic interviews, the United States, while each minor victim is still on the stand during direct examination, will seek to admit the video recordings of the victim's prior forensic interviews. In other words, under the Rule 801 theory, the videos would be introduced on redirect examination if the victim's memory or credibility were challenged on cross by the defendant. But under Rule 807, the videos would be introduced on direct examination if either victim became unable to explain the necessary level of detail of the abuse that she or he suffered sufficient to meet the elements of the offense.

Indeed, the Supreme Court has observed the complementary function of Rules 801 and 807. In *Tome*, after concluding that there must be a pre-motive requirement to the admissibility of a prior consistent statement, the Supreme Court explained that Rule 803(24), the precursor to Rule 807, was available to admit those statements that might not technically fit the requirements of Rule 801's elements regarding prior consistent statements. Specifically, the *Tome* Court declared that "[w]hen a party seeks to introduce out-of-court statements that contain strong circumstantial indicia of reliability, that are highly probative on the material questions at trial,

7

and that are better than other evidence otherwise available, … Rule 803(24) [now Rule 807] exists for that eventuality." *Tome*, 513 U.S. at 166.

Federal Rule of Evidence (FRE) 807 provides as follows:

> (a) In General. Under the following circumstances, a hearsay statement is not excluded by the rule against hearsay even if the statement is not specifically covered by a hearsay exception in Rule 803 or 804 [if]:
>
>> (1) the statement has equivalent circumstantial guarantees of trustworthiness;
>>
>> (2) it is offered as evidence of a material fact;
>>
>> (3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and
>>
>> (4) admitting it will best serve the purposes of these rules and the interests of justice.
>
> (b) Notice. The statement is admissible only if, before the trial or hearing, the proponent gives an adverse party reasonable notice of the intent to offer the statement and its particulars, including the declarant's name and address, so that the party has a fair opportunity to meet it.

First, the statements would be "offered as evidence of a material fact." *See* Fed. R. Evid. 807(a)(2). The United States will offer the recorded statements as evidence of the defendant's coercion and enticement, which are clearly material and relevant facts because they are required elements of the offense charged in the superseding indictment. *See, e.g., United States v. Peneaux*, 432 F.3d 882, 892 (8th Cir. 2005) (stating that "[t]he materiality requirement in Rule 807 is merely a 'restatement of the general requirement that evidence must be relevant'") (quoting McCormick on Evidence § 324 (5th ed. 2003)).

Second, in the circumstances in which the United States would seek to admit the statements, the statements would be "more probative on the point for which it is offered than any

other evidence" that the United States "can obtain through reasonable efforts." *See* Fed. R. Evid. 807(a)(3). Put simply, the United States will only offer the statements if necessary to prove that the defendant engaged in coercion and enticement. If there is sufficient proof of this required element through the testimony of the trial witnesses, the United States will not offer the statements as evidence. Accordingly, the statements would be more probative on the critical point for which it is offered than the testimony presented, and all reasonable efforts to obtain other evidence will have been exhausted. *See, e.g., United States v. White Bull*, 646 F.3d 1082, 1092, 1094 (8th Cir. 2011) (affirming admission of child victim's oral statement to forensic interviewer under FRE 807, finding district court did not abuse its discretion in concluding that statement was more probative than victim's testimony, in which she "was unwilling or unable to offer clear testimony at trial about the specific dates of the five occasions that White Bull allegedly abused her"; also affirming admission of child victim's written note to forensic interviewer under FRE 807, finding no plain error in district court's conclusion that note was more probative regarding the details of the sexual abuse than the victim's testimony, which was "hesitant and somewhat inconsistent").

Third, the admission of the statements would "best serve the purposes of [the Federal Rules of Evidence] and the interests of justice," because the truth regarding the defendant's conduct will be ascertained based upon reliable evidence and a just determination will therefore be reached. *See* Fed. R. Evid. 807(a)(4). See also Fed. R. Evid. 102; *United States v. Valdez-Soto*, 31 F.3d 1467, 1471 (9th Cir. 1994) (rejecting argument that admission of hearsay statements pursuant to former FRE 803(24) violated requirements related to the purpose of the rules and the interests of justice, finding that "Rule 803(24) exists to provide courts with flexibility in admitting statements traditionally regarded as hearsay but not falling within any of the conventional exceptions"). Although the residual hearsay exception was intended to be used

rarely, in exceptional circumstances, "exceptional circumstances generally exist when a child sexual abuse victim relates the details of the abusive events to an adult." *Peneaux*, 432 F.3d at 893 (finding that admission of child victim's hearsay statements was "in the interest of justice and consistent with the requirements of Rule 807").

Lastly, and most importantly, Jane Doe and John Doe's recorded statements have "equivalent circumstantial guarantees of trustworthiness" as those statements that are admissible pursuant to FRE 803 and FRE 804. *See* Fed. R. Evid. 807(a)(1); s*ee also United States v. Sanchez-Lima*, 161 F.3d 545, 547 (9th Cir. 1998) (stating that "[h]earsay evidence sought to be admitted under Rule 807 must have circumstantial guarantees of trustworthiness equivalent to the listed exceptions to the hearsay rule" (internal citation omitted)). Courts have considered several factors to evaluate the trustworthiness of such hearsay statements for purposes of determining FRE 807 admissibility. Such factors include whether the statements were recorded, as in the case here. *See United States v. Leal-Del Carmen*, 697 F.3d 964, 974 (9th Cir. 2012) (finding videotaped testimony to be trustworthy for purposes of FRE 807 in part because "testimony preserved on videotape, unlike written notes taken by an officer, shows the demeanor of the witness, allowing a jury to use visual cues to assess credibility"); *United States v. Smith*, 591 F.3d 974, 980-82 (8th Cir. 2010) (affirming admission of recorded child forensic interview pursuant to FRE 807); *Sanchez-Lima*, 161 F.3d at 547 (finding that hearsay statements should have been admitted under former FRE 804(b)(5) relying in part on the fact that the statements of assault eyewitnesses were "preserved on videotape which would allow the jurors an opportunity to view their demeanor") (internal citation omitted).

As discussed above, both Jane Doe and John Doe also will be available for cross-examination, which militates strongly in favor of admission of the statements. *See White Bull*, 646 F.3d at 1092 (affirming admission of child victim's written note to forensic interviewer

under FRE 807 and stating that "[p]erhaps the strongest circumstantial guarantee of trustworthiness, however, is the fact that [the child victim] testified at trial and was subject to cross examination regarding her statement"); *Peneaux*, 432 F.3d at 892 (affirming admission of hearsay statements made by child victim pursuant to FRE 807, finding that statements "possessed equivalent circumstantial guarantees of trustworthiness to the other hearsay exceptions" in part because the victim "testified at trial and was subject to cross-examination," which "vitiates the main concern of the hearsay rule," and "[t]he jury was able to weigh her statements and accord them whatever weight they deemed appropriate" (internal citations omitted)); *Valdez-Soto*, 31 F.3d at 1470-72 (affirming admission of hearsay statements made to law enforcement agent under former FRE 803(24) where declarant was subject to cross-examination regarding statements, noting that "the degree of reliability necessary for admission is greatly reduced where, as here, the declarant is testifying and is available for cross-examination, thereby satisfying the central concern of the hearsay rule") (*quoting United States v. McPartlin*, 595 F.2d 1321, 1350–51 (7th Cir. 1979)); *United States v. Renville*, 779 F.2d 430, 440 (8th Cir. 1985) (affirming admission of child victim's statement to deputy sheriff under former FRE 803(24), finding "significant indicia of reliability" in the statement because "[m]ost important[ly], the declarant testified at trial and was subject to cross-examination").

Further, Jane Doe and John Doe's recorded statements were made voluntarily and were based on their personal knowledge as the victims of the offense that being described. *See, e.g., United States v. Harrison*, 296 F.3d 994, 1004 (10th Cir. 2002) (affirming admission of child victim's statements to law enforcement agent under FRE 807 and stating that in determining a statement's "circumstantial guarantees of trustworthiness," "the consistency of C.V.'s accounts of Defendant's assaults" is "of particular importance"); *Leal-Del Carmen*, 697 F.3d at 974 (finding statements to be trustworthy for purposes of FRE 807 in part because declarant "made the

statements voluntarily based on facts within her personal knowledge"); *Smith*, 591 F.3d at 980 (noting that one of the factors "[t]o determine if statements made by a child who was allegedly a victim of sexual abuse to a forensic interviewer have sufficient circumstantial guarantees of trustworthiness to be admissible under Rule 807" is "whether the child repeated the same facts consistently to adults" (internal citation omitted)); *Sanchez-Lima*, 161 F.3d. at 547 (finding that statements "possessed guarantees of trustworthiness," relying in part on the fact that the eyewitnesses' statements were made voluntarily, were based on "facts within [the eyewitnesses'] own personal knowledge," and "did not contradict any of their previous statements to government agents and defense investigators") (internal citation omitted).

As evidenced by the recordings, Jane Doe and John Doe's statements were not made in response to leading questions. *See United States v. Thunder Horse*, 370 F.3d 745, 748 (8th Cir. 2004) (affirming admission of child victim's statements to forensic interviewer under FRE 807 and finding statements to be sufficiently trustworthy in part because interviewer testified that "she asked the victim open-ended questions rather than leading questions"); *United States v. Balfany*, 965 F.2d 575, 582 (8th Cir. 1992) (finding child victim's statement to family member to be lacking "sufficient circumstantial guarantees of trustworthiness for admission under Rule 803(24)" in part because family member witness did not establish that "she questioned [the victim] in a nonsuggestive manner" and "[i]f anything, her testimony indicated that she used leading or suggestive questions").

Finally, there is no evidence to suggest either victim had motive or incentive to lie regarding the sexual abuse suffered at the hands of the defendant. Because all FRE 807's requirements are met, and no Confrontation Clause issues exist, the recorded statements of Jane Doe and John Doe should be admitted during the United States's case-in-chief.

CONCLUSION

For the foregoing reasons, this Court should admit, pursuant to Rule 801(d)(1)(B), the United States' proposed evidence – namely Jane Doe and John Doe's video recorded forensic interviews. Alternatively, this Court should admit, pursuant to Rule 807, the video recordings.

        Respectfully Submitted,

        HOLLAND S. KASTRIN
        Acting United States Attorney

        *Electronically filed on 3/7/2025*
        JONI AUTREY STAHL
        JACKSON K. DERING V
        Assistant United States Attorneys
        200 N. Church Street
        Las Cruces, New Mexico 88011
        (575) 522-2304 – Tel.

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification to defense counsel of record on this date.

*Electronically filed on 3/7/2025*
JONI AUTREY STAHL
Assistant United States Attorney