IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 23-CR-909-MIS |
| ) | |
| OTHON JORGE ZAMARRIPA, ) | |
| ) | |
| Defendant. ) | |

SECOND MOTION IN LIMINE TO INTRODUCE EVIDENCE PURSUANT TO
FEDERAL RULE OF EVIDENCE 414 AND 404(b)

On March 7, 2025, the United States filed a sealed notice of its intent to introduce evidence of uncharged acts of grooming and criminal sexual abuse of Jane Doe and John Doe as intrinsic evidence or, alternatively, pursuant to Federal Rules of Criminal Procedure 414 and Rule 404(b). Doc. 92. The United States also seeks to offer evidence that the defendant accessed child sexual abuse materials (CSAM) on his cell phone, and moves the Court to issue a ruling prior to trial that the proffered evidence – the defendant's access of and the images of CSAM – are admissible at trial under Rule 414, Rule 404(b), or both, as delineated below.[1]

I.   Factual Background

The defendant is charged with two counts of coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b); Count 1 involves Jane Doe and Count 2 involves John Doe. Doc. 71; *see also* Doc. 87. The charges stem from an investigation that began in January 2023, after

---

[1] Defense counsel has reviewed the CSAM, and the United States continues to make that evidence reasonably available for review. The United States is statutorily prohibited from turning over any child pornography directly to defense counsel. 18 U.S. Code § 3509(m)(1). The United States will have the identified images available at the pretrial conference.

1

Jane Doe made her initial outcry. Law enforcement obtained search warrants and seized numerous devices from the defendant during the investigation, but they were unable to forensically examine the defendant's primary cell phone, an Apple iPhone 12 Pro, because the device was locked. Agents had been using a forensic "brute force" method to attempt to unlock the device. Agents discovered potential passwords and included them in the forensic search, and the device was successfully unlocked on March 5, 2025. An extraction was created the following day.

During the review of the extraction, the forensic examiner reviewed numerous images and videos contained in the defendant's Twitter (now X) cache files. These cache files represent files presented to the user as the user scrolls through the Twitter (now X) "feed," rather than files saved by the user. The defendant's "cache" files contained more than 200 images of pornography, as well as several images of potential CSAM. The cache was created on or about January 15, 2023,[2] and includes the following:

- An image depicting what appears to be a prepubescent female with her legs spread open exposing her vagina with what appears to be another pre-pubescent female licking the exposed vagina of the minor;

- An image depicting what appears to be a prepubescent female wearing a pink animal eye mask, a pink shirt and large pink headphones with her mouth open and a red lollipop being held in her mouth by a naked adult male's right hand. The naked adult male's erect penis is being held by his left hand next to the mouth of the minor female;

- An image depicting what appears to be a pubescent minor female wearing only striped red and pink knee high socks being bent over by a naked adult male who appears to have his penis in the area of the minor's buttocks;

- An image depicting what appears a pubescent minor female with only blue and pink underwear on with her breasts exposed. A marker on the top left side of the image stating "Fry99.com" can be seen;

---

[2] The defendant was arrested on January 17, 2023, and his phone was seized and placed on airplane mode.

- An image depicting what appears to be a naked pubescent minor female wearing laced high heels and jewelry on her neck and wrist. The minor is in squatting position with her genital area exposed; and

- An image depicting what appears to be an adult female with only a purple sweatshirt on, laying on her stomach and propped on her elbows. The female is being slightly penetrated in the vagina by an adult male's erect penis. Next to the female is what appears to be a possible pre-pubescent or pubescent minor female laying on her stomach with only a yellow sweater on and looking at what appears to be a cell phone.

II.   Federal Rule of Evidence 414

As the United States briefed extensively in its prior notice, Rule 414 is intended to allow probative evidence of a defendant's unusual disposition of a having a sexual interest in children. Such a disposition is particularly significant in cases involving minor victims whose credibility is often attacked in the absence of substantial corroboration. Doc. 93. Accordingly, there is a compelling public interest in admitting "all significant evidence that will shed some light on the credibility of the charge and any denial by the defense." *Id.* It is clear from Congress' intent and the large body of case law interpreting this rule, that a permissive approach to similar crimes evidence is favored in sex offense cases. *Id.* The presumption is in favor of admission for this type of evidence, as evidenced by Tenth Circuit precedent and that of every other circuit which has considered the applicability of Rules 413 and 414. *Id.*

"Rule 414 provides an exception, applicable in criminal child-molestation cases (including child pornography cases), to the general prohibition of evidence regarding the defendant's propensity to commit crimes or other bad acts." *United States v. Mercer*, 653 F. App'x 622, 625 (10th Cir. 2016) (unpublished). "In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant." Fed. R. Evid. Rule 414(a).

As previously briefed, for evidence to be admissible under Rule 414, the trial court must determine that: (i) the defendant is accused of an offense of child molestation, (ii) the evidence proffered is evidence of the defendant's commission of another offense of child molestation, and (iii) the evidence is relevant. *See United States v. Benally*, 500 F.3d 1085, 1090 (10th Cir. 2007). "[I]n cases where the government seeks to introduce Rule 41[4] evidence, the district court must make a preliminary finding that a jury could reasonably find that the 'other act' occurred by a preponderance of the evidence." *Id.* at 1090. Additionally, the court must perform a Rule 403 analysis before admitting this type of evidence. *Id.* at 1090; *United States v. Guardia*, 135 F.3d 1326, 1330 (10th Cir. 1998).

   *a) The defendant is accused of an offense of child molestation, the proffered evidence involves a child molestation offense, and the evidence is relevant.*

Here, the defendant is accused of an offense of child molestation as described in the government's prior notice. The defendant is charged with an offense involving contact between his body and Jane Doe and John Doe's genitals or anus, or contact between the defendant's genitals and any part of the minor victims' bodies – clearly a child molestation offense.

In addition to the other uncharged instances of sexual abuse described in the prior briefing, the United States also seeks to introduce evidence that the defendant knowingly accessed with intent to view child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). This offense is included within the definition of "child molestation" under Rule 414(d)(2)(B) so it constitutes a separate child molestation offense from those charged in the indictment.

Relevant evidence is evidence that has any tendency to make a fact of consequence "more or less probable than it would be without that evidence[.]" Fed. R. Evid. 401. "A defendant with a propensity to commit acts similar to the charged crime is more likely to have committed the charged crime than another. Evidence of such a propensity is therefore relevant." *Guardia*, 135

F.3d at 1328. Accordingly, when assessing the relevance of the other act evidence, the district court must conclude that the other act evidence shows "both that the defendant had a particular propensity, and that the propensity it demonstrates has a bearing on the charged crime." *Id*. at 1332.

The United States believes the defendant will argue to the jury that the minor victims were coached to make up accusations by their mother as part of an acrimonious breakup. Evidence of the defendant accessing images of child pornography, therefore, is highly relevant to show his intent to commit the charged offenses because it demonstrates his sexual interest in minors and shows an interest in viewing similar acts of sexual abuse, such as those he engaged in with the minor victims.

    b) *The probative value of the evidence is not substantially outweighed by FRE 403 risks.*

Under the familiar Rule 403 balancing test, relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The Tenth Circuit has properly noted that "exclusion of relevant evidence under Rule 403 should be used infrequently, reflecting Congress' legislative judgment that the evidence 'normally' should be admitted." *United States v. Enjady*, 134 F.3d 1427, 1433 (10th Cir. 1998); *United States v. Meacham*, 115 F.3d 1488, 1491 (10th Cir. 1997) (Rule 414 favors liberal admission of propensity evidence despite application of Rule 403 balancing); *see also United States v. Smalls*, 605 F.3d 765, 787 (10th Cir. 2010) (cautioning district courts to be "mindful" that "exclusion of evidence under Rule 403 that is otherwise admissible under the other rules is an extraordinary remedy and should be used sparingly"). Furthermore, as noted above, Congress detailed its intent that there be a presumption that the probative value of

5

Rule 414 evidence "is normally not outweighed by any risk of prejudice or other adverse effects." 140 Cong. Rec. H8992 (1994) (Statements of Rep. Molinari and Senator Dole).

In the context of Rule 413/414 evidence, the Tenth Circuit has noted that "[t]his analysis requires balancing multiple factors," including (1) how clearly the other act was proved, how probative it is to a material fact and how seriously disputed the material fact is, and whether the government can utilize less prejudicial evidence. *United States v. Willis*, 826 F.3d 1265, 1273 (10th Cir. 2016). Further, "[n]o single factor is dispositive." *United States v. Velarde*, 88 F. App'x 339, 343 (10th Cir. 2004) (citing *United States v. Mann*, 193 F.3d 1172, 1174–75 (10th Cir. 1999)).

Here, the uncharged conduct is supported by clear, strong evidence. The district court must conclude "that a jury could reasonably find by a preponderance of the evidence that the 'other act' occurred." *Enjady*, 134 F.3d at 1433. While some courts have considered this to be part of the Rule 414 analysis, *see id.*, others have included this within the Rule 403 balancing, *see Sturm*, 673 F.3d at 1285. This Court can easily find by a preponderance that the defendant knowingly accessed the child pornography discovered on his phone with the intent to view the images, and that the images were transported by any means or facility of interstate or foreign commerce, including by computer. Courts in this Circuit and others have held that a cell phone meets the definition of a "computer" under 18 U.S.C. § 1030(e)(1). *See U.S. v. Gallegos*, 2023 WL 8802687 (10th Cir. 2023) (unpublished); *see also U.S. v. Crow*, 2023 WL 8469452 (11th Cir. 2023) (unpublished); *U.S. v. Ayala*, 2022 WL 419063 (9th Cir. 2022) (unpublished).

The uncharged conduct is certainly probative to material facts. When assessing the probative value of the evidence, the Tenth Circuit has instructed that courts should consider (1) the similarity of the other acts to those charged; (2) the closeness in time; (3) the frequency of other acts and the presence/lack of intervening events; and (4) the need for evidence beyond the

testimony of the defendant and alleged victim. *Guardia*, 135 F.3d at 1331 (quotations and citations omitted).

Here, the probative value of the evidence the United States seeks to admit is extremely high because it reflects the same sexual proclivities that form the basis of pending charges against the defendant. The fact that the defendant was accessing and viewing CSAM speaks directly to his intent and propensity to commit the charged crimes. Evidence of the defendant's viewing of child pornography, particularly involving a child of similar age and appearance to Jane Doe, demonstrates his sexual interest in minors generally, and to Jane Doe in particular. *Benally*, 500 F.3d at 1095 ("Evidence of similar crimes involving sexual assault and child molestation was determined by Congress to be probative of a defendant's propensity to commit such crimes."). This evidence is also highly probative of the defendant's intent to coerce and entice the minor victims into engaging in criminal sexual acts by showing them pornography and his motive to engage in such criminal behavior. *Mercer*, 653 F. App'x at 622 (district court did not err in admitting evidence of the defendant's three prior molestations to show intent, knowledge, and absence of mistake in a possession of child pornography trial). This evidence is also probative to rebut the defendant's claim that the minor victims have been coached to lie or are not credible. *Id.* at 627.

There was no significant time lapse between the charged and uncharged conduct. The charged conduct occurred between January 1, 2018, and December 19, 2022. The images in the Twitter (now X) feed appear to have been created on or around January 15, 2023. Under Tenth Circuit case law, the uncharged conduct is well within the timeframe for retaining a high probative value where it occurred within or near the time for the charges in the indictment. *Benally*, 500 F.3d

at 1091; *Willis*, 826 F.3d at 1273; *see also Meacham*, 115 F.3d at 1492 (finding "no time limit beyond which" other acts evidence is inadmissible).

As for the remaining factors—the frequency of the other acts, the presence or lack of intervening events, and the need for evidence beyond the testimony of the defendant and alleged victim—they either weigh in favor of admission or do not tip the balance one way or another. The investigation only found a handful of images of CSAM, but its similarity to the charged offenses affords it significant probative value, particularly given the evidence of the lengths the defendant went to hide his criminal acts. The United States is unaware of any intervening events that would disfavor admission. As for the need for the evidence beyond testimony from the victims or the forensic examiner, the United States already plans on calling these witnesses at trial.

Against the highly probative nature of the above evidence, the prejudicial dangers associated with this evidence pale in comparison. "When analyzing the probative dangers, on the other hand, a court should consider: 1) how likely it is such evidence will contribute to an improperly-based jury verdict; 2) the extent to which such evidence will distract the jury from the central issues of the trial; and 3) how time consuming it will be to prove the [ ] conduct." *Benally*, 500 F.3d at 1090. The nature of the charges against the defendant reduces the risk of any prejudice stemming from the uncharged conduct, including the introduction of the CSAM images. The minor victims will testify at trial about specific, hands on abuse they suffered over a period of years, including being forced to touch the defendant's penis, perform oral sex on the defendant, and being penetrated by the defendant. Thus, because the very nature of the charges against the defendant involve his desire to sexually exploit children, additional evidence on this point is unlikely to contribute to an improperly based jury verdict. Rather, it will give context and allow the jury the ability to properly ascertain the defendant's criminal intent.

Furthermore, as the Tenth Circuit has noted, Rule 414-type evidence "will almost always have a profound impact on the jury and cause it to feel disgust toward the defendant. Congress knew this when it enacted [these rules], and intended to allow a fairly broad range of evidence to show the defendant's propensity—even stating that the rules 'establish[ed] a general presumption that evidence of past similar offenses in sexual assault and child molestation cases is admissible at trial.'" *Mercer*, 653 F. App'x at 629-30 (quoting 140 Cong. Rec. S12,990-01). The same is true in this case. The additional evidence that the defendant accessed with intent to view child pornography is no more prejudicial than the Rule 414 evidence sanctioned by the Tenth Circuit in other cases implicating this evidentiary rule. *See, e.g., supra* note 1, 2. Nor would the introduction of this evidence, involving only six images, be unduly time consuming. *Contra Guardia*, 135 F.3d at 1331-32 (evidence of additional instances of sexual assault during the course of medical treatment excluded where, among other things, the additional evidence "would transform the trial of two incidents into the trial of six incidents, each requiring description by lay witnesses and explanation by expert witnesses" for each patient's treatment). Specifically in this case, the evidence the defendant accessed the CSAM is certainly no more prejudicial (and likely less prejudicial) than the actual charged conduct.

Additionally, with respect to the concerns for distraction, given the fact that components of the Rule 414 evidence are prominently featured among the charged evidence, the Rule 414 evidence will not distract from the central issue at trial. Given the weight of the probative value and the strong presumption of admissibility, any prejudice stemming from the proffered evidence is not great enough to warrant exclusion.

Finally, in addressing claims that other act evidence will distract the jury or cause them to improperly convict on the basis of the other act, rather than the charged offense, the Tenth Circuit

9

has noted that the use of a limiting instruction can mitigate such concerns. *See Mercer*, 653 F. App'x at 625, 629-30 (noting that jurors were presumed to have followed courts Rule 414 limiting instruction that "the testimony could be considered 'for its bearing on any matter to which it was relevant' but was not sufficient in itself to prove guilt on the present charges" and that the defendant "was not on trial for 'any act, conduct or offense not charged in the indictment'"); *United States v. Chaco*, 520 F. App'x 694, 696 (10th Cir. 2013) (noting with approval the district judge's assessment that with "an appropriate jury instruction . . . the chance that the proffered evidence will contribute to an improperly based verdict is significantly reduced"). Accordingly, if requested, the United States would not object to a limiting instruction concerning this evidence.[3]

---

[3] The Tenth Circuit has approved of a number of limiting instructions in this context, including the following examples:

> You are instructed that evidence of conduct by the defendant, on a previous occasion with witness [name omitted], has been offered by the Government for its bearing on any matter to which it is relevant, including the defendant's disposition or propensity to commit the offense that is charged in the Indictment and the improbability that the defendant has been falsely or mistakenly accused of these crimes.
>
> It is entirely up to the jury to determine what weight, if any, such "other conduct" evidence deserves. In reaching your conclusion, you may consider all of the surrounding facts and circumstances of such testimony and give it such weight as you think it is entitled to receive in light of your experience and knowledge of human affairs.
>
> However, you are cautioned that the defendant is not on trial here for any acts or crimes not alleged in the Indictment. The defendant may not be convicted of the crimes charged in the Indictment if you were to find only that he committed other crimes at some other time. You are reminded that, at all times, the Government bears the burden of proving beyond a reasonable doubt that the defendant committed the offense charged in the Indictment.

*United States v. Batton*, 602 F.3d 1191, 1199 (10th Cir. 2010).

> In a criminal case in which the defendant is accused of ... an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible and may be considered for its bearing on any matter to which it is relevant. However, evidence of a prior offense on its own is not sufficient to prove the defendant guilty of the crimes charged in the indictment. Bear in mind as you consider this evidence

"The more seriously disputed the material fact, the more heavily this factor weighs in favor of admissibility." *Sturm*, 673 F.3d at 1286. As noted above, the United States anticipates that the defendant will claim he did not commit the charged crimes and that the minor victims are either not credible or have been coached to lie. Because his coercion and enticement of the minor victims, and their credibility, will likely be disputed material facts, this favors the admission of the proposed Rule 414 evidence. *See Mercer*, 653 F. App'x at 628 (noting that this factor favored admission of Rule 414 evidence because the defendant "denied the allegations and their implications vigorously").

Simply stated, given the nature of the case, all the evidence against the defendant carries a risk of having some prejudicial effect but there is no way to sanitize the evidence at issue. Ultimately, on balance, the weight of the Rule 403 factors as applied to the defendant's accessing child pornography favors admission. *United States v. Sturm*, 673 F.3d 1274, 1285 (10th Cir. 2012) ("The exclusion of relevant evidence under the *Enjady* test should be infrequent, reflecting Congress's legislative judgment that evidence of similar crimes should 'normally' be admitted in child molestation cases.").

III.   Federal Rule of Evidence 404(b)

Alternatively, even if evidence of the defendant's accessing child pornography with the intent to view it is not admissible under Rule 414, it nevertheless should be admitted under Rule 404(b). Pursuant to Rule 404(b), evidence of a defendant's other crimes, wrongs, or acts may be admissible at trial for purposes other than proving the defendant's character, such as proving

---

at all times, the government has the burden of proving that the defendant committed each of the elements of the offense charged in the indictment. I remind you that the defendant is not on trial for any act, conduct, or offense not charged in the indictment.

*United States v. McHorse*, 179 F.3d 889, 903 (10th Cir. 1999).

11

motive, intent, opportunity, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In determining whether evidence is properly admitted under Rule 404(b), the Tenth Circuit applies the four-part *Huddleston* test, which requires that:

> (1) the evidence was offered for a proper purpose;
> (2) the evidence was relevant;
> (3) the trial court determined under Fed. R. Evid. 403 that the probative value of the evidence was not substantially outweighed by its potential for unfair prejudice; and
> (4) the trial court gave the jury proper limiting instructions upon request.

*United States v. Shumway*, 112 F.3d 1413, 1419 (10th Cir. 1997). As discussed below, each element of the *Huddleston* test can be met here.

In assessing whether evidence is offered for a proper purpose, the fact that 404(b) evidence could be used to prove propensity does not make it excludable. Rather, it is when propensity is the *only* thing the evidence can show that it becomes excludable. *See United States v. Moran*, 503 F.3d 1135, 1145 (10th Cir. 2007) ("When other-act evidence is admitted for a proper purpose and is relevant, it may be admissible even though it has the potential impermissible side effect of allowing the jury to infer criminal propensity.").

To convict the defendant of coercion and enticement, the United States must prove that he acted "knowingly," that is, that he "knowingly persuaded, induced, enticed, or coerced" the minors to engage in sexual activity. *See* 18 U.S.C. § 2422(b). Evidence that the defendant accessed child pornography with the intent to view it is probative to rebut any claim that his ex-wife coached the minor victims to lie to frame him or that the minor victims are not credible. Evidence of his accessing child pornography is highly relevant and should be admitted to prove motive, intent, knowledge, identity, absence of mistake and/or lack of accident.

The fact the defendant has a demonstrated sexual interest in children shows that he intended to possess these images and knew that he had them. Furthermore, this evidence rebuts any claim

12

that the charges against him are unsubstantiated lies as part of a conspiracy against him. It also rebuts any defense of mistake or accident, or that it was not the defendant who committed the charged crimes.

Accordingly, this evidence makes more probable the existence of facts that are of consequence to the determination of whether the government has proved the elements of the crime charged, and is being offered for proper purposes. Thus, the evidence is relevant and should be admitted. *See* Fed. R. Evid. 401, 404(b).

The probative value of the United States' proffered evidence is not substantially outweighed by its prejudicial effect. Rule 404(b) "is one of inclusion, rather than exclusion, unless the evidence is introduced for an impermissible purpose or is unduly prejudicial." *United States v. Segien*, 114 F.3d 1014, 1022 (10th Cir. 1997). According to Rule 403, relevant evidence may only be excluded "if its probative value is *substantially* outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, or misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403 (emphasis added).

Under Rule 403's balancing test, "it is not enough that the risk of unfair prejudice be greater than the probative value of the evidence; the danger of that prejudice must *substantially* outweigh the evidence's probative value." *United States v. Cerno*, 529 F.3d 926, 935 (10th Cir. 2008) (internal citation omitted) (emphasis in original). Furthermore, in conducting the Rule 403 balancing test, this Court must "give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." *Id.* (internal quotation and citation omitted).

Here, for the reasons argued in the preceding section, the evidence is highly probative and outweighs any danger of prejudice in this case. Moreover, case law favors the admission of the United States' proffered evidence. *See United States v. Adams*, 2020 WL 231073 at *6 (D.N.M.

13

Jan. 15, 2020) (other acts evidence, including the defendant's uploading and possessing child pornography, admissible to show knowledge and intent, and to rebut defendant's defense); *United States v. Garot*, 801 F.2d 1241, 1246-47 (10th Cir. 1986) (evidence of defendant's possession of CSAM admissible under Rule 404(b) to prove element vital to burden of proof where defendant was accused of mailing obscene matter and of activities related to material involving sexual exploitation of children; the Tenth Circuit recognized that the nature of the underlying charge "unavoidably risk[ed] introduction of evidence that would offend the average juror," but that the probative value was not substantially outweighed by its prejudicial effect where relevant to knowledge and absence of mistake); *United States v. Simpson*, 152 F.3d 1241, 1249 (10th Cir. 1998) (CSAM and chats from defendant's computers admissible in receipt of child pornography case as relevant to knowledge, lack of mistake, or accident; district court did not abuse its discretion in admitting it pursuant to Rule 404(b) where the prejudicial effect could be limited); *United States v. Schene*, 543 F.3d 627, 643 (10th Cir. 2008) (defendant's emails and additional CSAM admissible, with a limiting instruction, to show intent and knowledge even though not directly relevant to specific counts in the indictment); *United States v. Burgess*, 576 F.3d 1078, 1086, 1099 (10th Cir. 2009) (evidence about defendant's child pornography images, files structures, additional computer media, and personal files admissible in transportation and possession of child pornography case to prove identity, knowledge, and absence of mistake; Tenth Circuit recognized that "the government is entitled to introduce all relevant, probative evidence at its disposal…[t]he defense cannot…complain that the government has produced too much evidence of guilt").

The above-described case law supports the introduction of the United States' proposed evidence. Here, based on the charges, the jury will hear damaging testimony about the sexual abuse

of the minor victim. The evidence addressed in this motion is not more inflammatory or prejudicial to a jury than the evidence of the underlying offenses. Ultimately, the standards and principles of the above cases, applied here, show that the evidence identified in this motion may be properly admitted as evidence in this matter under Rule 404(b), and should be so admitted.

The United States does not object to an appropriate limiting instruction on the use of the Rule 404(b) evidence should the defendant desire that one be given. For example, the court could read the Tenth Circuit Pattern Criminal Jury Instruction 1.30 concerning Rule 404(b) evidence. Alternatively, the Court could provide an instruction like that approved by the Tenth Circuit in *United States v. Schene*, 543 F.3d 627, 643 (10th Cir. 2008).[4]

Respectfully Submitted,

HOLLAND S. KASTRIN
Acting United States Attorney

*Electronically filed on 4/9/2025*
JONI AUTREY STAHL
JACKSON K. DERING V
Assistant United States Attorneys
200 N. Church Street
Las Cruces, New Mexico 88011
(575) 522-2304

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification to defense counsel of record on this date.

*Electronically filed on 4/9/2025*
JONI AUTREY STAHL
Assistant United States Attorney

---

[4] The instruction read as follows: "Ladies and gentlemen, to the extent that this evidence relates to anything other than the specific files that are charged in the indictment, I would instruct you that it's to be considered only as it bears on the defendant's knowledge or intent, and you should consider it only for that limited purpose." *Id*.