UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                           Case No. 23-cr-00909-MIS

OTHON JORGE ZAMARRIPA,

      Defendant.

### DEFENDANT'S MOTION TO DISMISS
### COUNT 3 OF THE THIRD SUPERSEDING INDICTMENT

Now comes Defendant, Othon Jorge Zamarripa, by and through his attorneys, Shaharazad Booth and Brock Benjermin, and moves to dismiss Count 3 of the Third Superseding Indictment (Doc. 136) with prejudice. The Government has failed to allege facts sufficient to establish the elements of "knowing possession" as required. The Government also fails to prove the material in question involves actual minors engaged in sexually explicit conduct, as required by the statutory definition of child pornography under 18 U.S.C. § 2252A and 2256.

The relevant part of the Third Superseding Indictment reads as follows:

"The Grand Jury charges:

Count 3

Beginning on an unknown date and continuing to on or about January 15, 2023, in the District of New Mexico, the defendant, OTHON JORGE ZAMARRIPA, knowingly accessed with intent to view any material which contains child pornography, as defined in l8 U.S.C. § 2256(8), that had been mailed, shipped, and transported using any means and facility of interstate and

foreign commerce, and had been shipped and transported in and affecting interstate and foreign commerce, and was produced using materials which had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer.

In violation of 18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(2), and 2256"

## Legal Standard

Under 18 U.S.C. § 2252A(a)(5)(B), the government must prove that the defendant knowingly possessed material containing child pornography. The 10th Circuit has consistently held that "knowing possession" requires actual knowledge or awareness of the images in question. *United States v. Dobbs*, 629 F.3d 1199 (10th Cir. 2011) and *United States v. Bass*, 411 F.3d 1198 (10th Cir. 2005).

Under 18 U.S.C. § 2256, "child pornography" is defined as any visual depiction involving the use of a minor engaging in sexually explicit conduct. The statute explicitly requires that the depiction involve an actual minor, not a virtual or computer-generated image. This requirement is crucial to the statutory framework and the protection of constitutional rights, as highlighted in *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002), where the Supreme Court invalidated portions of the Child Pornography Prevention Act of 1996 that prohibited virtual child pornography.

The 10th Circuit has consistently held that the government must prove the involvement of actual minors in the images to sustain a conviction under statutes criminalizing child pornography. In *United States v. Pearl*, 324 F.3d 1210 (10th Cir. 2003), the court emphasized the necessity of proving that the images depict real children. Similarly, in *United States v. Kimler*,

335 F.3d 1132 (10th Cir. 2003), the court reiterated that the government must establish the presence of actual minors in the images.

**A. Actual Knowledge of Material Containing Child Pornography is a Required Element**

The 10th Circuit mandates that for a conviction under 18 U.S.C. § 2252A(a)(5)(B), the government must demonstrate that the defendant had actual knowledge or awareness of the child pornography. In *United States v. Dobbs*, the court emphasized that mere access to a computer or device containing such material is insufficient without evidence of the defendant's actual viewing or awareness of the images. *Id.* §§ 1204-1205.

1. **Lack of Evidence of Actual Viewing or Awareness**

In the present case, the indictment fails to allege that Mr. Zamarripa actually viewed or was aware of the child pornography. The evidence provided and evaluated shows that the 2 images the government seeks to charge in this case were found the X (formerly known as twitter) cache folder in the defendant's phone. This evidence does not satisfy the requirement of actual knowledge or awareness as established by the 10th Circuit. Without evidence of actual viewing or awareness, the element of "knowing possession" cannot be satisfied.

**B. Insufficiency of Virtual Images**

The Government has failed to provide any information at to that the 2 images charged involved actual minors. The importance of the Government's obligation to prove these images are actual images is echoed in 10th Circuit's decision in *United States v. Sims*, 428 F.3d 945 (10th Cir. 2005), which found even virtual images do not meet the statutory definition of child pornography.

The government has not indicated that it possesses any testimony to support its charge, nor has it provided any factual basis in the indictment to suggest that the images involve actual children.

## Conclusion

For the reasons stated above, the government has failed to meet the burden of establishing the element of "knowing possession" as required under 10th Circuit law. The indictment lacks sufficient factual allegations to support a conviction under 18 U.S.C. § 2252A(a)(5)(B). Furthermore, The government has not met its burden of alleging that the images in question involve actual minors, as required by 18 U.S.C. § 2256 and relevant case law.

Therefore, Mr. Zamarripa respectfully requests that this Court dismiss Count 3 of the Third Superseding Indictment.

Based on the nature of the underlying motion, undersigned did not seek the government's position on the motion to dismiss and anticipates that the motion is opposed.

Dated this 26th day of June 2025.

Respectfully submitted,

Shaharazad McDowell Booth
NM Bar # 142956
US Bar ID # 19-101
PO Box 13856
Las Cruces, NM 88013
(575) 323-8233

/s/ Brock Benjamin
BROCK BENJAMIN
New Mexico Bar No.141535
1013 E. San Antonio Ave.
El Paso, Texas 79901

Tel (915) 412-5858<br>
Fax (915) 503-2224<br>
Email: brock@brockmorganbenjamin.com<br>
*Attorneys for Mr. Zamarripa*

## CERTIFICATE OF SERVICE

  I hereby certify that I have served a copy of the foregoing Motion upon the U.S. Attorney's Office by electronically filing a copy with the Clerk of the Court using the CM/ECF system on this the 26th of June 2025.

_____
Shaharazad McDowell Booth
*Attorney for the Defendant*