IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 23-CR-909-MIS |
| ) | |
| OTHON JORGE ZAMARRIPA, ) | |
| ) | |
| Defendant. ) | |

UNITED STATES' NOTICE OF INTENT TO INTRODUCE AND
PUBLISH IMAGES OF CHILD PORNOGRAPHY TO THE JURY

On April 17, 2025, a federal grand jury returned a Third Superseding Indictment against the defendant. Doc. 136. The third count alleges that the defendant knowingly accessed with intent to view material which contains child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(2), and 2256. *Id.* The United States files this motion to put the Court on notice of its intent to move for the images of alleged child pornography to be published to the jury.[1]

APPLICABLE LAW

Generally speaking, the United States has the discretion to choose which evidence to present and how to present it. *See generally Old Chief v. United States*, 519 U.S. 172, 186-87 (1997). It is only reasonable that, because the United States must carry the burden of proof at trial, it be afforded significant leeway in determining the most effective ways to present evidence. This same principle applies when the evidence at issue is child pornography. Indeed, the Tenth Circuit has made clear that in a child pornography trial, it is appropriate to show child pornography to the

---

[1] Defense counsel has reviewed the proffered images, and the United States continues to make that evidence reasonably available for review. The United States is statutorily prohibited from turning over any child pornography directly to defense counsel. 18 U.S. Code § 3509(m)(1). The United States will have the identified images available at the pretrial conference.

jury, even when there is an objection or an offer to stipulate from defense counsel. *United States v. Campos*, 221 F.3d 1143, 1149 (10th Cir. 2000) (the prosecution should be allowed to show child pornography images that form the basis of charges against a defendant to the jury even if the defendant offers to stipulate the images are child pornography*)*; *United States v. Schene*, 543 F.3d 627, 643 (10th Cir. 2008) (admitted those images charged in the indictment, but also uncharged images – to the extent that they bear on the defendant's knowledge or intent); *United States v. Burgess*, 576 F.3d 1078, 1099-1100 (10th Cir. 2009) (stating agreement with the district court's decision that uncharged images of child pornography were properly admissible to show the defendant's knowledge and possession).

Other courts are also in agreement that it is proper to show child pornography to the jury when that forms the basis of charges against a defendant. *United States v. Cunningham*, 694 F.3d 372, 391 (3d Cir. 2012) ("[C]ourts are in near-uniform agreement that the admission of child pornography images or videos is appropriate [in child pornography cases], even where the defendant has stipulated, or offered to stipulate, that those images or videos contained child pornography") (citing, *inter alia*, *Schene*, 543 F.3d at 643); *United States v. Sewell*, 457 F.3d 841, 844 (8th Cir. 2006) (finding that district court abused its discretion in accepting defendant's offer to stipulate and forbidding the United States from publishing a representative sample of the images of child pornography to the jury); *United States v. McCourt*, 468 F.3d 1088, 1093 (8th Cir. 2006) (recognizing that it is not unfairly prejudicial to show clips of videos despite the defendant's stipulation that they contained child pornography); *United States v. Dodds*, 347 F.3d 893, 897-98 (11th Cir. 2003) (affirming where government presented jury with 66 images of child pornography, where defendant was charged with possessing 3,400 images); *United States v. Becht*, 267 F.3d 767, 774 (8th Cir. 2001) (holding that admission of 39 images of child pornography—which was only a small portion of the total that was seized—was proper, since it tended to show that the

images actually constituted child pornography, and that the defendant would have known that they were child pornography); *United States v. Johnson*, 456 F.Supp.2d 1014, 1015 (N.D. Iowa 2006) ("Nothing in the United States Code as amended by the Adam Walsh Act requires the government to accept a defendant's offer to stipulate that certain images are child pornography or states that the government may not prove its case by evidence of its own choice."); *United States v. Zacherle*, 2008 WL 5000145, at *11 (E.D. Wash. Nov. 20, 2008) (permitting the United States to show images despite offer of the defendant to stipulate, because "[t]he government bears the burden of proving each element of the offense and publishing select images to the jury is the best method… for the government to prove its case.").

## APPLICATION

Here, the defendant is charged in Counts 1 and 2 with coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b), and in Count 3 with a single count of knowingly accessing with intent to view material which contains child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(2), and 2256. Doc. 136. Count 1 involves Jane Doe and Count 2 involves John Doe. *Id.* The charges stem from an investigation that began in January 2023, after Jane Doe made her initial outcry. Law enforcement obtained search warrants and seized numerous devices from the defendant during the investigation, but they were initially unable to forensically examine the defendant's primary cell phone, an Apple iPhone 12 Pro, because the device was locked. Agents had been using a forensic "brute force" method to attempt to unlock the device. Agents discovered potential passwords and included them in the forensic search, and the device was successfully unlocked on March 5, 2025. An extraction was created the following day.

During the review of the extraction, the forensic examiner reviewed numerous images and videos contained in the defendant's Twitter (now X) cache files. These cache files represent files presented to the user as the user scrolls through the Twitter (now X) "feed," rather than files saved

by the user. The defendant's "cache" files contained more than 200 images of pornography, as well as several images of potential child pornography. The cache was created on or about January 15, 2023, and includes the following images of alleged child pornography:

- An image depicting what appears to be a prepubescent female with her legs spread open exposing her vagina with what appears to be another pre-pubescent female licking the exposed vagina of the minor;

- An image depicting what appears to be a prepubescent female wearing a pink animal eye mask, a pink shirt and large pink headphones with her mouth open and a red lollipop being held in her mouth by a naked adult male's right hand. The naked adult male's erect penis is being held by his left hand next to the mouth of the minor female;

- An image depicting what appears to be a pubescent minor female wearing only striped red and pink knee high socks being bent over by a naked adult male who appears to have his penis in the area of the minor's buttocks;

- An image depicting what appears a pubescent minor female with only blue and pink underwear on with her breasts exposed. A marker on the top left side of the image stating "Fry99.com" can be seen;

- An image depicting what appears to be a naked pubescent minor female wearing laced high heels and jewelry on her neck and wrist. The minor is in squatting position with her genital area exposed; and

- An image depicting what appears to be an adult female with only a purple sweatshirt on, laying on her stomach and propped on her elbows. The female is being slightly penetrated in the vagina by an adult male's erect penis. Next to the female is what appears to be a possible pre-pubescent or pubescent minor female laying on her stomach with only a yellow sweater on and looking at what appears to be a cell phone.

The United States intends to introduce these images as direct evidence that the defendant accessed with intent to view child pornography, as charged in Count 3. Doc. 136. Such evidence is intrinsic to the crime charged in the Third Superseding Indictment and the United States contends that it is *res gestae* of the charged conduct itself. The United States maintains that this evidence does not require any notice but out of an abundance of caution, the United States hereby provides notice of its intent to utilize such evidence. "It is well settled that Rule 404(b) does not apply to other act evidence that is intrinsic to the crime charged." *United States v. Parker*, 553

F.3d 1309, 1314-1315 (10th Cir. 2009), *citing United States v. O'Brien*, 131 F.3d 1428, 1432 (10th Cir. 1997). Accordingly, the United States intends to publish these six (6) images to the jury. Because they are graphic in nature, the United States respectfully requests that the Court advise prospective members of the jury of this fact at some point during the jury selection process. "The Government has a heavy burden of proof beyond a reasonable doubt as to all elements of the offense, and it is not to be restricted to a modest quantum of evidence that will support the indictment." *United States v. Gallo*, 543 F.2d 361, 365 (D.C. Cir. 1976).

Notwithstanding the admissibility of the images as intrinsic to the crime charged, in an abundance of caution, the United States also notes that the evidence is *also* admissible under Fed. R. Evid. 404(b), because it is also relevant to prove motive, intent, knowledge, and absence of mistake or accident. Evidence is admissible pursuant to Fed. R. Evid. 404(b) when the following factors are satisfied: (1) the evidence is offered for a proper purpose; (2) the evidence is relevant; (3) its probative value must not be substantially outweighed by its potential for unfair prejudice under Rule 403; and (4) the court must give a proper limiting instruction if requested by the defendant. *United States v. Schene*, 543 F.3d 627, 643-644 (10th Cir. 2008).

Here, in addition to being direct evidence of Count 3, the alleged images of child pornography are also probative to prove the defendant's motive, knowledge, intent, and absence of mistake or accident as to Counts 1 and 2. Doc. 136. In *United States v. Simpson*, 152 F. 3d 1241 (10th Cir. 1998), the Tenth Circuit affirmed the admission of *uncharged* photographs, finding the evidence was more probative than prejudicial. In addition to being admissible as direct evidence, the images of alleged child pornography are also admissible to prove motive, intent, identity, absence of mistake and/or lack of accident under 404(b).

The evidence is also admissible under Fed. R. Evid. 414. For Counts 1 and 2, the defendant is accused of an offense of child molestation. The proffered evidence involves a child molestation

offense. The United States intends to show these images to combat defense's argument that the children were "coached" into accusing him of sexual abuse. These images will show the jury that the defendant is sexually attracted toward children and is highly relevant to show his intent to commit the charged offenses.

## CONCLUSION

To meet its burden of proof, the United States hereby provides notice that the government intends to publish the six (6) images of alleged child pornography to the jury.

                    Respectfully Submitted,

                    RYAN ELLISON
                    United States Attorney

                    *Electronically filed on 7/2/2025*
                    JONI AUTREY STAHL
                    JACKSON K. DERING V
                    Assistant United States Attorneys
                    200 N. Church Street
                    Las Cruces, New Mexico 88011
                    (575) 522-2304

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification to defense counsel of record on this date.

*Electronically filed on 7/2/2025*
JACKSON K. DERING V
Assistant United States Attorney