IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

v.                                                                                          No. 2:23-CR-909-MIS

OTHON JORGE ZAMARRIPA,

    Defendant.

**ORDER DENYING DEFENDANT'S MOTION FOR *KATZ* DETERMINATION**

    THIS MATTER is before the Court on Defendant's Motion [to] Have Court Conduct *Katz* Determination ("Motion"), ECF No. 177, to which the Government filed a response, United States' Resp. to Def.'s Mot. [to] Have Court Conduct *Katz* Determination ("Resp."), ECF No. 181. Upon review of the Parties' submissions, the record, and the relevant law, the Court **DENIES** the Motion.

    Count 3 of the Fourth Superseding Indictment charges Defendant with accessing with intent to view child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). ECF No. 188. The Government intends to introduce six images recovered from an extraction of Defendant's cell phone as direct evidence for Count 3. *See* United States' Notice of Intent to Introduce and Publish Images of Child Pornography to the Jury, ECF No. 162. At the Pretrial Conference on July 7, 2025, Defense Counsel raised an objection to the six images to the effect that the images did not clearly depict minors and the Court ought to exercise its gatekeeping function. *See* Clerk's Minutes, ECF No. 173. The Court directed Defense Counsel to file something by July 9 and the Government to respond by July 11. *Id.*

    On July 9, Defendant filed the instant Motion. Defendant moves the Court to "conduct a hearing as described in *United States v. Katz*, 178 F.3d 368, 373 (5th Cir. 1999)[.]" Mot. at 1.

Specifically, Defendant "requests that the Court make a determination as to whether the images meet the threshold of someone under 18 years of age." *Id.* at 3. Defendant asserts that "the images in this case need expert testimony to be identified as child pornography" and challenges the foundation (or lack thereof) for the exhibits. *Id.* Further, Defendant argues, the challenge is timely because it is in response to the United States's Notice of Intent filed on July 3.[1] *Id.*

In response, the Government argues that "[w]hether the images satisfy the definition of child pornography under 18 U.S.C. § 2256(8) is a fact question for the jury." Resp. at 1. Such a determination, according to the Government, is within the province of the jury without the need for expert testimony, under binding Tenth Circuit precedent. *Id.* at 2-3. The Government further argues that *Katz* is distinguishable from the instant case because the images here are in color, in at least two images the subjects appear to be pre-pubescent, and in the remaining for images the subjects are not clearly close to age 18. *Id.* at 3. Finally, the Government asserts that Defendant's challenge to the images is untimely. *Id.* at 4. Defense Counsel reviewed the images as early as March 31, 2025, but did not raise any issue of admissibility until the Pretrial Conference. *Id.*

The Court concludes that Defendant's Motion is untimely. Per the Third Amended Scheduling Order, pretrial motions including motions *in limine* were due on March 7, 2025. ECF No. 79. On April 14, the Court extended pretrial deadlines for 90 days with respect to Count 3. ECF No. 132. Accordingly, pretrial motions regarding Count 3 were due on June 5, 2025. At Defendant's request, on June 20, the Court again extended the deadline for Defendant to file motions *in limine* related to Count 3 to June 26, 2025. ECF No. 156. Defense Counsel Ms. Booth viewed the images at issue on March 31 and April 30. Resp. at 4. Defendant failed to raise any issue of admissibility as to the images until the Pretrial Conference on July 7. Defendant's untimeliness clearly prejudices the Government given that the deadline for expert testimony has

---

[1] The Notice was actually filed on July 2. ECF No. 162.

long since passed and trial is set to begin in less than a week, on July 23. The Court therefore **DENIES** Defendant's Motion. To the extent Defendant has a Federal Rule of Evidence 403 / 404 objection to the six images, *see* ECF No. 173, such objection may be raised at trial.

 

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE