IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

v.

OTHON JORGE ZAMARRIPA,

Defendant.

Case No. 2:23-cr-00909-MIS

### ORDER DENYING DEFENDANT'S MOTION TO ADOPT PRIOR ARGUMENTS AND DISMISS FOURTH SUPERSEDING INDICTMENT

THIS MATTER is before the Court on Defendant Othon Jorge Zamarripa's Motion to Adopt Prior Arguments and Dismiss Fourth Superseding Indictment ("Motion"), ECF No. 198, filed July 21, 2025. The Government filed a Response on July 22, 2025. ECF No. 199. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **DENY** the Motion.

As trial begins in less than twenty-four hours, the Court assumes the reader's familiarity with the issues and limits its discussion to that which is necessary to decide Defendant's Motion.

**I.      Background**

On July 16, 2025, a Grand Jury sitting in the District of New Mexico returned a Fourth Superseding Indictment charging Defendant with two counts of coercing or enticing a minor to engage in criminal sexual activity in violation of 18 U.S.C. § 2422(b) (Counts 1 and 2), and accessing with intent to view child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count 3). ECF No. 188 at 1-2. Specifically, Count 1 charges that

> From on or about January 1, 2018, and continuing to on or about December 19, 2022, in the District of New Mexico and elsewhere, the defendant, **OTHON JORGE ZAMARRIPA**, using any means or facility of interstate and foreign commerce, including a computer, an interactive computer service, a cellular phone, and the Internet to access sexually explicit materials to knowingly persuade, induce,

> entice, and coerce any individual who had not attained the age of 18 years, Jane Doe, to engage in any sexual activity for which any person could be charged with a criminal offense.
>
> In violation of 18 U.S.C. § 2422(b).

Id. at 1. Count 2 contains identical allegations as Count 1 regarding a second victim, "John Doe," who had not attained the age of 18 years. Id. at 1-2. Count 3 alleges that

> Beginning on an unknown date and continuing to on or about January 15, 2023, in the District of New Mexico, the defendant, **OTHON JORGE ZAMARRIPA**, knowingly accessed with intent to view any material which contains child pornography, as defined in 18 U.S.C. § 2256(8), that had been transported using any means and facility of interstate and foreign commerce including by a computer, an interactive computer service, a cellular phone, and the Internet, and had been transported in and affecting interstate and foreign commerce including by a computer, an interactive computer service, a cellular phone, and the Internet, and was produced using materials which had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by a computer, an interactive computer service, a cellular phone, and the Internet.
>
> In violation of 18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(2), and 2256.

Id. at 2. On July 21, 2025, Defendant filed the instant Motion to Adopt Prior Arguments and Dismiss Fourth Superseding Indictment, ECF No. 198, to which the Government filed a Response, ECF No. 199.

## II.   Legal Standard

"An indictment is deemed constitutionally sufficient if it (1) contains the essential elements of the offense intended to be charged, (2) sufficiently apprises the accused of what he must be prepared to defend against, and (3) enables the accused to plead an acquittal or conviction under the indictment as a bar to any subsequent prosecution for the same offense." United States v. Hall, 20 F.3d 1084, 1087 (10th Cir. 1994) (citations omitted). See also United States v. Sweet, 107 F.4th 944, 958 (10th Cir. 2024). "Generally, the strength or weakness of the government's case, or the sufficiency of the government's evidence to support a charge, may not be challenged by a pretrial

motion." Hall, 20 F.3d at 1087 (citation omitted). "An indictment should be tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true." Id. (citation omitted). "Courts should refrain from considering evidence outside the indictment when testing its legal sufficiency." Id.

### III. Discussion

Defendant primarily moves to dismiss the Fourth Superseding Indictment for lack of jurisdiction. Mot. at 2-3, ECF No. 198.

Counts 1 and 2 of the Fourth Superseding Indictment charge Defendant with coercing or enticing a minor to engage in criminal sexual activity in violation of 18 U.S.C. § 2422(b). ECF No. 188 at 1-2. The elements of a Section 2422(b) offense are: (1) use of a facility of interstate commerce; (2) to knowingly persuade, induce, entice, or coerce; (3) any individual who is younger than 18; (4) to engage in any sexual activity for which any person can be charged with a criminal offense, or attempting to do so. United States v. Munro, 394 F.3d 865, 869 (10th Cir. 2005).

Counts 1 and 2 track the language of the statute and allege, in relevant part, that Defendant used a "means or facility of interstate and foreign commerce, including a computer, an interactive computer service, a cellular phone, and the Internet to access sexually explicit materials to knowingly persuade, induce, entice, and coerce" two individuals who had not attained the age of 18—Jane and John Doe—"to engage in any sexual activity for which any person could be charged with a criminal offense. " ECF No. 188 at 1-2. The Court finds that, at a minimum, the Internet is a facility of interstate commerce for purposes of Section 2422(b). See Munro, 394 F.3d at 870 (finding that "the government presented sufficient evidence at trial from which a reasonable juror could have found Munro guilty of attempting to persuade a minor to engage in sexual acts through use of a computer connected to the Internet"); see also United States v. Hornaday, 392 F.3d 1306,

1311 (11th Cir. 2004) (holding that for purposes of Section 2422(b) that "[t]he internet is an instrumentality of interstate commerce"); <u>United States v. Roman</u>, 795 F.3d 511, 515 n.2 (6th Cir. 2015) (affirming conviction under Section 2422(b) where indictment alleged that the defendant used the internet and a cellular phone as the facilities of interstate commerce); <u>United States v. Zupnik</u>, 989 F.3d 649, 653 (8th Cir. 2021) (stating that the elements of a section 2422(b) offense include use of "a facility of interstate commerce, such as the internet or the telephone system"); <u>United States v. Dwinells</u>, 508 F.3d 63, 65 (1st Cir. 2007) ("The statute in question, 18 U.S.C. § 2422(b), criminalizes the use of any instrumentality of interstate or foreign commerce, <u>such as the Internet</u>, to persuade, induce, entice, or coerce a minor to engage in criminal sexual activity." (emphasis added)); <u>cf.</u> <u>United States v. Brinson</u>, 772 F.3d 1314, 1325 (10th Cir. 2014) (identifying the internet and cellular phones as the "facilities of interstate commerce" supporting the defendant's conviction for sex trafficking of children under 18 U.S.C. § 1591(a)).

  Count 3 charges Defendant with possessing or accessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), which prohibits "[a]ny person" from

> knowingly possess[ing], or knowingly access[ing] with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer[.]

18 U.S.C. § 2252A(a)(5)(B).

  Count 3 tracks the language of the statute and alleges, in relevant part, that Defendant

> knowingly accessed with intent to view any material which contains child pornography, as defined in 18 U.S.C. § 2256(8), that had been transported using any means and facility of interstate and foreign commerce including by a computer, an interactive computer service, a cellular phone, and the Internet, and had been

4

> transported in and affecting interstate and foreign commerce including by a computer, an interactive computer service, a cellular phone, and the Internet, and was produced using materials which had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by a computer, an interactive computer service, a cellular phone, and the Internet.

ECF No. 188 at 2. The Court finds that the Fourth Superseding Indictment sufficiently alleges that the pornographic materials were transported using a facility of interstate and foreign commerce. Specifically, the Court finds that, at a minimum, the Internet is a facility of interstate commerce for purposes of Section 2252A(a)(5)(B). See United States v. Baum, 542 F. App'x 724, 726 (10th Cir. 2013) ("Baum admitted that he received the images at issue through the internet. And 'the Internet is generally an instrumentality of interstate commerce.'" (quoting Utah Lighthouse Ministry v. Found. for Apologetic Info. & Rsch., 527 F.3d 1045, 1054 (10th Cir. 2008)).

The Fourth Superseding Indictment also sufficiently alleges that the images were transported in or affecting interstate commerce. This provides a second jurisdictional hook.

The Fourth Superseding Indictment also sufficiently alleges that the images were produced using materials that traveled in interstate or foreign commerce. This provides a third jurisdictional hook.

To the extent Defendant adopts his prior request seeking a bill of particulars, the Court denies the request. "The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." United States v. Dunn, 841 F.2d 1026, 1029 (10th Cir. 1988) (quoting United States v. Cole, 755 F.2d 748, 760 (11th Cir. 1985)). A defendant will have ample opportunity to prepare a defense and will likely not be able to demonstrate "actual surprise" when he is provided with complete discovery. See United States v. Ivy, 83 F.3d 1266, 1281-82 (10th Cir. 1996). The Court

5

finds that the allegations contained in the Fourth Superseding Indictment, together with the discovery that has been exchanged over the past two-and-a-half years, and the information contained in the Government's Response to Defendant's Motion, see ECF No. 199 at 3, are sufficient to allow Defendant to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense. See United States v. Solomonyan, 451 F. Supp. 2d 626, 641 (S.D.N.Y. 2006) (stating that when determining whether to exercise discretion to direct the government to file a bill of particulars, "a court must examine the totality of the information available to the defendant, including the indictment and general pre-trial discovery, and determine whether, in light of the charges that the defendant is required to answer, the filing of a bill of particulars is warranted") (quoting United States v. Gibson, 175 F. Supp. 2d 532, 536 (S.D.N.Y. 2001)).

Finally, to the extent that Defendant challenges the Government's ability to prove the child pornography offense, the Court finds that the issue is not one of sufficiency of the indictment but rather one of sufficiency of the evidence. The Court therefore denies the motion. See Hall, 20 F.3d at 1087 ("Generally, the strength or weakness of the government's case, or the sufficiency of the government's evidence to support a charge, may not be challenged by a pretrial motion. An indictment should be tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true. Courts should refrain from considering evidence outside the indictment when testing its legal sufficiency.") (internal citations omitted); United States v. DeLeon, 287 F. Supp. 3d 1175, 1184-85 (D.N.M. 2017) (construing motion to dismiss the indictment as one challenging the sufficiency of the evidence and denying the motion "because the Court cannot properly assess the sufficiency of the evidence supporting the allegations in the indictment before trial").

## IV.  Conclusion

For all these reasons, Defendant's Motion to Adopt Prior Arguments and Dismiss Fourth Superseding Indictment, ECF No. 198, is **DENIED**.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE