UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                                                  Case No. 23-cr-00909-MIS

OTHON JORGE ZAMARRIPA,

        Defendant.

**DEFENDANT'S RULE 33 MOTION TO VACATE JUDGMENT AND FOR NEW TRIAL**

Defendant Othon Jorge Zamarripa by and through his attorneys Shaharazad Booth and Benjamin, and pursuant to Rule 33 files this motion for new trial, and hereby states as follows.

**1. Prejudice from Joinder of Counts**

The joinder of the enticement and child pornography counts likely created a risk of prejudice to the jury's deliberations on the enticement counts. The 10th Circuit has recognized that jury exposure to extraneous or prejudicial material can create a presumption of prejudice, which may be rebutted only by showing that the exposure was harmless. The standard for determining whether prejudice occurred is fact-intensive and depends on whether the jury's exposure to the material affected the verdict. *United States v. Dermen*, 143 F.4th 1148 (10th Cir. 2025), *United States v. Daniels*, 755 F. App'x 796 (10th Cir. 2018).

In this case, the presence of highly inflammatory evidence related to child pornography a subject that makes jury selection difficult, even with a limiting instruction, unduly influenced the jury's perception of Zamarripas character and predisposition, thereby prejudicing their deliberations on the enticement counts. The 10th Circuit has acknowledged that limiting instructions, while important, may not always be sufficient to cure prejudice, particularly when

the evidence in question is highly prejudicial. *United States v. Topete-Madrueno*, No. 18-CR-4172 JAP, 2019 U.S. Dist. LEXIS 163938 (D.N.M. Sep. 25, 2019).

The 10th Circuit "has developed two different standards to assess the impact of exposure to extraneous material on a jury." *United States v. Muessig*, 427 F.3d 856, 865 (10th Cir. 2005) (ellipsis and internal quotation marks omitted). Under either standard there is no way for the court to say that the "use of the internet" as alleged in Counts 1 and 2 could have been separated in the jury's mind and argument of the United States that the exposure to the images was harmless. *Daniels* at 800.

## 2. Limiting Instruction and Its Effectiveness

While the court provided a limiting instruction regarding the evidence for the child pornography count, the effectiveness of such instructions is not absolute. Courts have held that limiting instructions can mitigate prejudice, but they are not a guaranteed safeguard, especially when the evidence is of a nature that could evoke strong emotional reactions from the jury. For example, in *United States v. Tucker*, 404 U.S. 443, 92 S. Ct. 589 (1972)(overruled on other grounds) the court found that jury instructions cured potential prejudice caused by trying multiple counts together, but this determination is highly fact-specific and depends on the nature of the evidence and the circumstances of the case. In Tucker the prejudice came from bank robbery and criminal history, not photos and allegations of child pornography.

Here, the evidence related to child pornography is inherently inflammatory and could have overshadowed the jury's ability to fairly and independently evaluate the enticement counts. The 10th Circuit has emphasized that the presence of prejudicial material can create a presumption of prejudice, particularly when the material is unrelated to the specific charges being deliberated. *See Daniels*. The prejudicial child pornography was not legally related to the

enticement counts, however factually the Government argued that the "enticement" was showing the children pornography and matted with the 'princess peach' non existent video, the Snow White adult pornography its impossible to believe that there was not a spill over of prejudice from Count 3 to Counts 1 and 2.

The images that were admitted and shown to the jury were described by the United States in Doc. 121 as-

- ➢ An image depicting what appears to be a prepubescent female with <u>her legs spread open exposing her vagina with what appears to be another pre-pubescent female licking the exposed vagina</u> of the minor;

- ➢ An image depicting what appears to be a prepubescent female wearing a pink animal eye mask, a pink shirt and large pink headphones with her mouth open and a red lollipop being held in her mouth by a naked adult male's right hand. The <u>naked adult male's erect penis is being held by his left hand next to the mouth of the minor female</u>;

- ➢ An image depicting what appears to be a pubescent <u>minor female</u> wearing only striped red and pink knee high socks <u>being bent over by a naked adult male who appears to have his penis in the area</u> of the minor's buttocks;

- ➢ An image depicting what appears a pubescent minor female with only blue and pink underwear on with her breasts exposed. A marker on the top left side of the image stating "Fry99.com" can be seen;

- ➢ An image depicting what appears to be a naked pubescent minor female wearing laced high heels and jewelry on her neck and wrist. The minor is in squatting position with her genital area exposed; and

- ➢ An image depicting what appears to be an adult female with only a purple sweatshirt on, laying on her stomach and propped on her elbows. The <u>female is being slightly penetrated in the vagina by an adult male's erect penis</u>. Next to the female is what <u>appears to be a possible pre-pubescent or pubescent minor female laying on her stomach with only a yellow sweater</u> on and looking at what appears to be a cell phone.

These images were extremely prejudicial and the type of information that would allow prejudice to form in the minds of the jury.[1]

**3. Granting a New Trial Under Rule 33**

The 10th Circuit has recognized that a new trial may be warranted under USCS Fed Rules Civ Proc R 33 when the interest of justice requires it. In cases where the jury's exposure to prejudicial material likely influenced the verdict, a new trial is appropriate. The fact that the court granted a Rule 29 motion for judgment of acquittal on the child pornography count further underscores the potential for prejudice, as the jury was exposed to evidence and allegations that were ultimately deemed insufficient to support a conviction. This exposure could have tainted the jury's deliberations on the enticement counts, warranting a new trial to ensure a fair and impartial adjudication.

## CONCLUSION

The joinder of the enticement and child pornography counts, combined with the presence of highly prejudicial evidence and allegations, likely influenced the jury's deliberations on the enticement counts, despite the courts limiting instruction. Under the 10th Circuits standards for assessing jury prejudice and the provisions of Fed. R. Crim. Proc. a new trial is warranted to safeguard the integrity of the judicial process and ensure that Zamarripa receives a fair trial. Lastly, while this was not a conspiracy charge, the validity of the conviction for Counts 1 and 2 rests on the sole belief that the jury charge instruction was sufficient to cure any prejudicial effects of the now- inadmissible child pornography. As Justice Jackson stated in 1949- "The naive assumption that prejudicial effects can be overcome by instructions to the

---

[1] The undersigned once tried a quadruple homicide. The murders were predicated on elimination of a witness in a child sexual assault case. The jury did not find the murders objectionable, but once we asked questions in *voir dire* on the sexual assault we almost ran the panel. These matters are extremely 'touchy' and close to juror's hearts. This was *United States v. Samuel Velasco Gurrorla*, 15-cr-1646 in the Western District of Texas.

jury, *cf. Blumenthal* v. *United States*, 332 U.S. 539, 559, all practicing lawyers know to be unmitigated fiction. See *Skidmore* v. *Baltimore & Ohio R. Co.*, 167 F.2d 54." *Krulewitch v. United States*, 336 U.S. 440, 453, 69 S. Ct. 716, 723 (1949).

Mr. Othon Zamarripa respectfully requests that this Court grant a new trial on Counts 1 and 2 based on the child pornography's prejudicial effect.

Dated this 11th day of August 2025.

                                                    Respectfully submitted,

                                                    */s/ Brock Benjamin*
                                                    BROCK BENJAMIN
                                                    New Mexico Bar No.141535
                                                    1013 E. San Antonio Ave.
                                                    El Paso, Texas 79901
                                                    Tel (915) 412-5858
                                                    Fax (915) 503-2224
                                                    Email: brock@brockmorganbenjamin.com

                                                    Shaharazad McDowell Booth
                                                    NM Bar # 142956
                                                    US Bar ID # 19-101
                                                    PO Box 13856
                                                    Las Cruces, NM 88013
                                                    (575) 323-8233
                                                    *Attorneys for Mr. Zamarripa*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing Motion upon the U.S. Attorney's Office by electronically filing a copy with the Clerk of the Court using the CM/ECF system on this the 11th of August 2025.

*/s/ Brock Benjamin*
Brock Benjamin
*Attorney for the Defendant*